UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTOPHER RILEY,            )
                              )
         Petitioner,          )   Criminal No.
                              )   09-10061-DPW
                              )
     v.                       )
                              )
UNITED STATES OF AMERICA,     )
                              )
         Respondent.          )

MEMORANDUM AND ORDER
March 26, 2014

The defendant seeks under 28 U.S.C. § 2255 to vacate his convictions and sentences or withdraw the pleas he entered resolving two cases pursuant to a plea agreement presenting binding agreed-upon sentences pursuant Fed.R.Crim.P. 11(c)(1)(C).

I find the defendant cannot surmount the threshold for this post conviction challenge because he is time barred. The judgments of conviction entered July 21, 2009. The defendant did not sign and date his 2255 motion until July 27, 2010.[1]

Under 28 U.S.C. § 2255(f) the statute of limitations for the defendant's motion erected a bar from which he has stated no

---

[1] I note that the government sets the operative date for the filing of this petition as August 2, 2010 when the motion was "entered" on this court's docket. Given the liberal filing rules applicable to those in custody, however, the date of execution of the motion is the appropriate date against which to measure compliance with the statute of limitations.

exceptions six days before the instant petition was executed. Accordingly, it is untimely.

I have independently considered the merits of the defendant's original motion and find the claims raised to be without merit. Although the defendant has argued the law regarding failure to appeal when requested by a defendant, the defendant does not provide a factual basis for finding that he actually gave counsel specific instructions to appeal. Nor was there any ineffectiveness in the asserted failure of the defendant's two counsel to give him adequate advice regarding the felony predicates for his offenses. The fact of a prior felony predicate convictions is unassailable. The recent vacation by state court of certain of the defendant's prior convictions is immaterial. Even with those convictions vacated, he remained a convicted felon at the time he possessed the firearms and ammunition alleged in the charges against him. In any event, I would have accepted the agreed-upon sentence even in the absence at the time of plea of the later vacated convictions.

Under the circumstances there is no good reason to hold a hearing regarding a matter that occurred before me and was subject to my independent judgment which did not turn on any matter that could conceivably be the subject of a properly predicated evidentiary hearing.

Accordingly, I DENY the defendant's petition and related motions and direct the Clerk to enter a judgment dismissing the motion to vacate.  I decline to issue a certificate of appealability.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT